UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ANTHONY PATTON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 2:12-CV-426-JRG-CLC |
|  | ) |  |
| WAYNE CARPENTER, Warden, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM OPINION**

Anthony Patton ("Petitioner"), a Tennessee inmate acting pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his confinement under a 2010 Hamblen County, Tennessee Criminal Court judgment [Docs. 1, 10]. Petitioner pled guilty to facilitation of first degree murder and aggravated kidnapping, for which he received two twenty five-year sentences to be served consecutively [*Id*.]. Respondent has filed an answer to the petition, which was supported by copies of the state record [Doc. 13]. Petitioner has failed to reply to Respondent's answer, and the time for doing so has passed.

### **I.    PROCEDURAL HISTORY**

Following his guilty plea and sentencing, Petitioner did not file a direct appeal to the Tennessee Court of Appeals, or the Tennessee Supreme Court [Doc. 1]. Petitioner subsequently filed a petition for post-conviction relief in the Hamblen County Criminal Court which was dismissed, and the dismissal was affirmed on appeal by the Tennessee Court of Criminal Appeals ("TCCA"). *Patton v. State*, No. E2011-01651-CCA-R3-PC, 2012 WL 840692 (Tenn. Crim. App. Mar. 14, 2012). Petitioner did not appeal to the Tennessee Supreme Court. Thereafter, Petitioner filed this timely habeas corpus petition.

## II. BACKGROUND

The following summary of the facts surrounding Petitioner's guilty plea hearing is taken from the TCCA's opinion on appeal from Petitioner's post-conviction proceedings.

> The Petitioner pled guilty to one count of especially aggravated kidnapping and one count of facilitation of first degree murder. At the plea submission hearing, the Petitioner testified that he had a ninth grade education and could read and write without difficulty. He said he had no health, physical, or mental conditions that affected his ability to understand the hearing and that he had not consumed any alcohol or drugs.
>
> The trial court explained to the Petitioner that he had been indicted on two counts. The first count alleged that he had committed the offense of especially aggravated kidnapping while confining Willie L. Morgan for ransom. The trial court explained that any sentence for a conviction for this offense was required to be served at 100%. The trial court further explained that he was also charged with first degree murder for killing Willie L. Morgan in the perpetration of the kidnapping. The trial court then explained the lesser-included offense of facilitation to commit first degree murder. The trial court went through the elements of each offense and asked the Petitioner if his counsel had also discussed those elements with him. The Petitioner answered affirmatively. The trial court then asked the Petitioner if he understood the guilty plea petition and if he had any questions about the petition.
>
> The trial court accepted the Petitioner's guilty plea to especially aggravated kidnapping and facilitation of first degree murder. The trial court sentenced Petitioner, pursuant to the agreement, to twenty-five years for the especially aggravated kidnapping conviction, to be served at 100%, and twenty-five years for the facilitation conviction, to be served at 30%. In accordance with the plea agreement, the sentences were to be served consecutively.

*Patton*, 2012 WL 840692, at *1.

## III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in 28 U.S.C. § 2241, requires any court considering a habeas claim to defer to any decision by a state court concerning the claim, unless the state court's judgment: (1) resulted in a decision that was

2

contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2).

A state court's decision is "contrary to" federal law when it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or resolves a case differently on a set of facts which cannot be distinguished materially from those upon which the precedent was decided. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the "unreasonable application" prong of 2254(d)(1), the relevant inquiry is whether the state court decision identifies the legal rule in the Supreme Court cases which govern the issues, but unreasonably applies the principle to the particular facts of the case. *Id*. at 407. The habeas court is to determine only whether the state court's decision is objectively reasonable, not whether, in the habeas court's view, it is incorrect or wrong. *Id*. at 411.

The § 2254(d) standard is a high standard to satisfy. *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (noting that "§ 2254(d), as amended by AEDPA, is a purposefully demanding standard . . . 'because it was meant to be.'" (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)). Further, findings of fact which are sustained by the record are entitled to a presumption of correctness—a presumption which may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. ANALYSIS

Petitioner's § 2254 habeas corpus petition raises two grounds for relief: (1) that Petitioner did not fully understand his rights to allow him to voluntarily and knowingly enter a guilty plea;

3

and (2) that Petitioner received ineffective assistance of counsel during his guilty plea proceedings [Doc. 1].

In his answer, Respondent asserts that Petitioner is not entitled to relief on either ground because the state court's decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the United States Supreme Court [Doc. 13].

The Court agrees with Respondent concerning Petitioner's entitlement to habeas relief, and will **DENY** and **DISMISS** this petition for the reasons provided below.

### A. Voluntary and Knowing Guilty Plea

Petitioner first asserts that he did not fully understand his waiver of rights when he entered into his guilty plea [Doc. 1]. Particularly, Petitioner argues that he has the reading comprehension of an elementary school student and, as such, never understood what he was told concerning how much time he would be facing under the plea agreement [*Id*.].

#### 1. Applicable Law

The Supreme Court has held, concerning guilty pleas, that "[a] plea of guilty is more than a confession which admits that the accused did various facts; it is itself a conviction; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 237, 242 (1969). Because of the consequences that flow from a plea of guilty, a trial court must ascertain that a plea of guilty is voluntary and knowing, and in so doing must assess whether a defendant understands that he is waiving three separate rights—to wit, the right to trial by a jury, the right to confront his accusers, and the privilege against self-incrimination. *Id*. at 243–44.

Whether a plea is constitutionally permissible depends upon the particular facts of each case; however, a defendant must be sufficiently aware of the relevant circumstances and the

4

probable and direct consequences of his plea, *Brady v. United States*, 397 U.S. 742, 748–49 (1979), and understand that the plea represents a "voluntary and intelligent choice among available alternatives." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

### 2. Discussion

Petitioner argued to the post-conviction trial court and to the TCCA, on post-conviction appeal, that he had difficulty reading and writing and, as such, when he pled guilty, he did not understand that his sentences would run consecutively and not concurrently. *Patton*, 2012 WL 840692, at *2. The court of appeals, citing *North Carolina v. Alford*, held that Petitioner entered his guilty plea knowingly and voluntarily. *Id*. at *9.

As recounted by the TCCA, counsel testified during the post-conviction hearing that he explained to Petitioner the agreement to which Petitioner ultimately pled guilty. He further testified that he discussed the consequences of Petitioner's guilty plea with Petitioner, and that there was never any discussion that the sentences would run concurrently. *Id*. at *4. According to counsel, he provided Petitioner with the date of Petitioner's earliest parole eligibility. *Id*. at *5. Furthermore, counsel testified that Petitioner told him that he read and wrote at a ninth grade level, and that based on the letters that Petitioner wrote to him, he had no indication that Petitioner had any difficulty reading or writing. *Id*. at *6. The post-conviction trial court and the TCCA both credited counsel's testimony finding that the record supported that Petitioner could read at a high school level. *Id*. at *9. The court of appeals also noted that both counsel and the trial court independently explained to Petitioner the nature of the charges he faced, the plea agreement, and the sentence he would serve. *Id*.

Like the TCCA, the Court finds that Petitioner has failed to show that he did not knowingly and voluntarily enter his guilty plea. Petitioner is, therefore, not entitled to relief on

5

this claim because the TCCA's rejection of Petitioner claim was not an unreasonable application of clearly established federal law, and the state court did not unreasonably determine the facts before it.

### B.   Ineffective Assistance of Counsel

Petitioner next asserts that he received ineffective assistance from his attorney during his guilty plea hearing [Doc. 1]. According to Petitioner, his counsel was ineffective in failing to inquire as to whether Petitioner understood his waiver of rights and plea of guilty [*Id.*].

#### 1.   Applicable Law

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies a right to "reasonably effective assistance" of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a defendant must meet a two-pronged test: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

Proving deficient performance requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged to not have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly

6

deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

The second prong, prejudice, "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. Here, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Moss*, 323 F.3d at 454–55 (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted). Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

### 2. Discussion

The TCCA, applying *Strickland v. Washington*, concluded that Petitioner failed to prove that counsel's representation fell below a reasonable standard or that he was prejudiced thereby. *Patton*, 2012 WL 840692, at *8. Thus, the task before the Court is to determine whether the state court's application of *Strickland* to the facts of Petitioner's case was unreasonable.

The basis of Petitioner's claim of ineffective assistance of counsel challenges the voluntariness of his guilty plea. Petitioner claims that he did not knowingly enter a plea of guilty because his counsel did not adequately explain to him the consequences of his plea and that he was coached by counsel to give the appropriate answers during his allocution [Doc. 1 p. 11].

7

*Strickland* affirms that a defendant is entitled to effective assistance of counsel before deciding whether or not to plead guilty. 466 U.S. at 686 (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). As noted by the TCCA, counsel testified during the post-conviction hearing that he exerted considerable efforts in going over the details of Petitioner's plea agreement with him. The court of appeals highlighted the fact that counsel addressed these details with Petitioner both orally and in writing, following up many of their conversations with written confirmations. *Patton*, 2012 WL 840692, at *8. The Court agrees with the state court of appeals that Petitioner cannot show any deficient performance by counsel. Rather, the record indicates that counsel exhausted every reasonable method to ensure that Petitioner understood fully the offer, requirements, and consequences of his plea. Petitioner has not shown any deficient performance on the part of his counsel, nor has he shown any prejudice flowing from counsel's actions.

As such, Petitioner is not entitled to relief on this claim because the TCCA did not unreasonably apply *Strickland* in its rejection of Petitioner's ineffective assistance of counsel claim.

## V. CONCLUSION

For the aforementioned reasons, the Court finds that none of Petitioner's claims warrant the issuance of a writ. Therefore, Petitioner's petition for a writ of habeas corpus [Doc. 1] will be **DISMISSED**.

## VI. CERTIFICATE OF APPEALABILITY

Additionally, the Court must consider whether to issue a Certificate of Appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA

8

may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Where a claim has been dismissed on the merits, a substantial showing is made if reasonable jurists could conclude that the issues raised are adequate to deserve further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack v. McDaniel*, 529 U.S. 472, 484 (2000). When a claim has been dismissed on procedural grounds, a substantial showing is demonstrated when it is shown that reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct. *Slack*, 529 U.S. at 484.

After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that Petitioner's claims are adequate to deserve further review. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

AN APPROPRIATE ORDER WILL ENTER.

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE